AO 245B (Rev. 02/16) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

Eastern District of New York

| UNITED STATES OF AMERICA | ) | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|---|
| v. | ) | |
| MICHAEL STERN | ) | Case Number: CR 16-0154 (NGG) |
| | ) | USM Number: 89317-053 |
| | ) | Albert Y. Dayan, Esq. |
| | ) | Defendant's Attorney |

**THE DEFENDANT:**

X  pleaded guilty to COUNTS ONE (1) AND TWO (2) OF THE INFORMATION.

☐ pleaded nolo contendere to count(s) _____
   which was accepted by the court.

☐ was found guilty on count(s) _____
   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| **Title & Section** | **Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|---|
| 26 U.S.C. § 7206(1) | FALSELY SUBSCRIBING TO INCOME TAX RETURNS | | 1 & 2 |

The defendant is sentenced as provided in pages 2 through __7__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐   The defendant has been found not guilty on count(s) of the Superseding Indictment ( ).
☐ Any underlying Indictment is dismissed on the motion of the United States.
☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.
☐   The defendant is not named in Counts of the Superseding Indictment ( ).

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

October 20, 2016
Date of Imposition of Judgment

sNicholas G. Garaufis
Signature of Judge

NICHOLAS G. GARAUFIS, U.S.D.J.
Name and Title of Judge

November 2, 2016
Date

AO 245B  (Rev. 10/15) Judgment in a Criminal Case
      Sheet 4—Probation

Judgment—Page __2__ of ___7___

DEFENDANT:          MICHAEL STERN
CASE NUMBER:        CR 16-0154 (NGG)

## PROBATION

The defendant is hereby sentenced to probation for a term of :      THREE (3) YEARS ON COUNTS ONE (1) AND TWO (2) OF THE INFORMATION WHICH SHALL RUN CONCURRENTLY.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance.  The defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.  *(Check, if applicable.)*

☐ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.  *(Check, if applicable.)*

☐ The defendant shall cooperate in the collection of DNA as directed by the probation officer.  *(Check, if applicable.)*

☐ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense.  *(Check, if applicable.)*

☐ The defendant shall participate in an approved program for domestic violence.  *(Check, if applicable.)*

If this judgment imposes a fine or restitution, it is a condition of probation that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) The defendant shall notify the probation officer at least ten days prior to any change in residence or employment, or if such prior notification is not possible, then within forty eight hours after such change.
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT:      MICHAEL STERN
CASE NUMBER:    CR 16-0154 (NGG)

# ADDITIONAL PROBATION TERMS

1. THE DEFENDANT SHALL NOT POSSESS A FIREARM, AMMUNITION OR DESTRUCTIVE DEVICE;

2. THE DEFENDANT SHALL COMPLY WITH THE FINE PAYMENT SCHEDULE;

3. THE DEFENDANT SHALL COMPLY WITH THE ATTACHED ORDER OF RESTITUTION;

4. THE DEFENDANT SHALL COOPERATE WITH THE U.S. PROBATION DEPARTMENT IN THE INVESTIGATION AND APPROVAL OF ANY POSITION OF SELF-EMPLOYMENT, INCLUDING ANY INDEPENDENT, ENTREPRENEURIAL, OR FREELANCE EMPLOYMENT OR BUSINESS ACTIVITY.  IF APPROVED FOR SELF-EMPLOYMENT, THE DEFENDANT SHALL PROVIDE THE U.S. PROBATION DEPARTMENT WITH FULL DISCLOSURE OF HIS SELF-EMPLOYMENT AND OTHER BUSINESS RECORDS, INCLUDING, BUT NOT LIMITED TO, ALL OF THE RECORDS IDENTIFIED IN THE PROBATION FORM 48F (REQUEST FOR SELF EMPLOYMENT RECORDS), OR AS OTHERWISE REQUESTED BY THE U.S. PROBATION DEPARTMENT;

5. UPON REQUEST, THE DEFENDANT SHALL PROVIDE THE U.S. PROBATION DEPARTMENT WITH FULL DISCLOSURE OF HIS FINANCIAL RECORDS, INCLUDING CO-MINGLED INCOME, EXPENSES, ASSETS AND LIABILITIES, TO INCLUDE YEARLY INCOME TAX RETURNS.   WITH THE EXCEPTION OF THE FINANCIAL ACCOUNTS REPORTED AND NOTED WITHIN THE PRESENTENCE REPORT, THE DEFENDANT IS PROHIBITED FROM MAINTAINING AND/OR OPENING ANY ADDITIONAL INDIVIDUAL AND/OR JOINT CHECKING, SAVINGS, OR OTHER FINANCIAL ACCOUNTS, FOR EITHER PERSONAL OR BUSINESS PURPOSES, WITHOUT THE KNOWLEDGE AND APPROVAL OF THE U.S. PROBATION DEPARTMENT.  THE DEFENDANT SHALL COOPERATE WITH THE PROBATION OFFICER IN THE INVESTIGATION OF HIS FINANCIAL DEALINGS AND SHALL PROVIDE TRUTHFUL MONTHLY STATEMENTS OF HIS INCOME AND EXPENSES. THE DEFENDANT SHALL COOPERATE IN THE SIGNING OF ANY NECESSARY AUTHORIZATION TO RELEASE INFORMATION FORMS PERMITTING THE U.S. PROBATION DEPARTMENT ACCESS TO HIS FINANCIAL INFORMATION AND RECORDS;

DEFENDANT:       MICHAEL STERN
CASE NUMBER:   CR 16-0154 (NGG)

# ADDITIONAL PROBATION TERMS

6. THE DEFENDANT SHALL FULLY COOPERATE WITH THE INTERNAL REVENUE SERVICE BY FILING ALL DELINQUENT OR AMENDED RETURNS WITHIN SIX MONTHS OF THE SENTENCE DATE AND BY TIMELY FILING ALL FUTURE RETURNS THAT COME DUE DURING THE PERIOD OF SUPERVISION. THE DEFENDANT SHALL PROPERLY REPORT ALL CORRECT TAXABLE INCOME AND CLAIM ONLY ALLOWABLE EXPENSES ON THOSE RETURNS. THE DEFENDANT SHALL PROVIDE ALL APPROPRIATE DOCUMENTATION IN SUPPORT OF SAID RETURNS. UPON REQUEST, THE DEFENDANT SHALL FURNISH THE INTERNAL REVENUE SERVICE WITH INFORMATION PERTAINING TO ALL ASSETS AND LIABILITIES, AND THE DEFENDANT SHALL FULLY COOPERATE BY PAYING ALL TAXES, INTEREST AND PENALTIES DUE AND OTHERWISE COMPLY WITH THE TAX LAWS OF THE UNITED STATES;

7. THE DEFENDANT SHALL PERFORM 500 HOURS OF COMMUNITY SERVICE UNDER THE DIRECTION OF THE PROBATION DEPARTMENT.

AO 245B (Rev. 02/16) Judgment in a Criminal Case
    Sheet 5 — Criminal Monetary Penalties

|  |  |
|---|---|
| DEFENDANT: MICHAEL STERN | Judgment — Page 5 of 7 |
| CASE NUMBER: CR 16-0154 (NGG) |  |

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 200.00 | $ 30,000.00 | $ 190,781.00 |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| INTERNAL REVENUE SERVICE |  | $190,781.00 |  |

| **TOTALS** | $ _____ | $ $190,781.00 |
|---|---|---|

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

   ☐ the interest requirement is waived for the   ☐ fine   ☐ restitution.

   ☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B  (Rev. 02/16) Judgment in a Criminal Case
    Sheet 6 — Schedule of Payments

DEFENDANT:        MICHAEL STERN                                  Judgment — Page    6    of    7
CASE NUMBER:      CR 16-0154 (NGG)

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A   X   special assessment of $   200.00   due immediately, balance due

        ☐   not later than _____ , or
        ☐   in accordance   ☐ C,   ☐ D,   ☐ E, or   ☐ F below; or

B   ☐   Payment to begin immediately (may be combined with   ☐ C,   ☐ D, or   ☐ F below); or

C   ☐   Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
        _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D   ☐   Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
        _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a
        term of supervision; or

E   X   SEE PAGE 7 FOR FINE PAYMENT SCHEDULE;

F   X   SEE PAGE 7 FOR RESTITUTION PAYMENT SCHEDULE.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐   Joint and Several

    Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount,
    and corresponding payee, if appropriate.

☐   The defendant shall pay the cost of prosecution.

☐   The defendant shall pay the following court cost(s):

☐   The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal,
(5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

AO 245B  (Rev. 10/15) Judgment in a Criminal Case
     Sheet 6B — Schedule of Payments

Judgment—Page   7   of   7

DEFENDANT: MICHAEL STERN
CASE NUMBER: CR 16-0154 (NGG)

# RESTITUTION AND FINE SCHEDULE OF PAYMENTS

AN ORDER OF RESTITUTION IN THE AMOUNT OF $190,781.00, DUE IMMEDIATELY, AND PAYABLE IN EQUAL MONTHLY INSTALLMENTS OF $10,000.00 TO CONTINUE UNTIL THE TOTAL AMOUNT OF RESTITUTION IS PAID IN FULL AND TO COMMENCE NO LATER THAN DECEMBER 1, 2016;

THE DEFENDANT MUST PAY INTEREST ON RESTITUTION OF MORE THAN $2,500.00, UNLESS THE RESTITUTION IS PAID IN FULL BEFORE THE FIFTEENTH DAY AFTER THE DATE OF THE JUDGMENT, PURSUANT TO 18 U.S.C. § 3612(f). ALL OF THE PAYMENT OPTIONS ON THE RESTITUTION ORDER AND PAYMENT SCHEDULE MAY BE SUBJECT TO PENALTIES FOR DELINQUENCY AND DEFAULT, PURSUANT TO 18 U.S.C. § 3612(g);

A FINE IN THE AMOUNT OF $30,000.00, DUE IMMEDIATELY, AND PAYABLE IN MONTHLY INSTALLMENTS OF 20% OF THE DEFENDANT'S GROSS MONTHLY INCOME TO CONTINUE UNTIL THE TOTAL AMOUNT OF THE FINE IS PAID IN FULL AND TO COMMENCE NO LATER THAN DECEMBER 1, 2016;

THE DEFENDANT MUST PAY INTEREST ON A FINE OF MORE THAN $2,500.00, UNLESS THE FINE IS PAID IN FULL BEFORE THE FIFTEENTH DAY AFTER THE DATE OF THE JUDGMENT, PURSUANT TO 18 U.S.C § 3612(f). ALL OF THE PAYMENT OPTIONS ON THE FINE ORDER AND PAYMENT SCHEDULE MAY BE SUBJECT TO PENALTIES FOR DELINQUENCY AND DEFAULT, PURSUANT TO 18 U.S.C § 3612(g).